IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN SCHRAM, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3071 |
| | ) | |
| V. | ) | |
| | ) | |
| DEPARTMENT OF HEALTH AND | ) | **MEMORANDUM** |
| HUMAN SERVICES, LISA LAURELL, | ) | **AND ORDER** |
| Social Worker, SHANNON BLACK, | ) | |
| Program Director, CINDY DYKEMAN, | ) | |
| Program Manager, and MARILYN | ) | |
| BAILEY, Administration Assistance, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint on May 4, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint names the Department of Health and Human Services ("DHHS")[1], as well as several purported DHHS employees, as Defendants. The employees are named as defendants in both their official and individual capacities. Plaintiff is currently confined in the Lincoln Regional Center in Lincoln, Nebraska.

Plaintiff, who is Native American, maintains that Defendant Lisa Laurell

---

[1] The court liberally construes "Department of Health and Human Services" to mean the Nebraska Department of Health and Human Services.

("Laurell") conducted a group treatment session at the Lincoln Regional Center and made disparaging comments about Native Americans. Plaintiff also contends that Laurell disclosed "confidential" information about Plaintiff, which led to a confrontation between Plaintiff and another member of the treatment group.

Plaintiff maintains that he reported his concerns about Laurell's comments to Defendants Shannon Black ("Black") and Cindy Dykeman ("Dykeman"). Plaintiff contends that in response to his complaints, Black and Dykeman threatened to return Plaintiff to the "beginners program" in Norfolk, Nebraska. Plaintiff alleges that Laurell subsequently placed him in a different treatment group in retaliation for vocalizing his concerns about her comments. (Filing No. 1 at CM/ECF p. 3.)

Plaintiff also contends that Defendant Marilyn Bailey ("Bailey") made disparaging comments to him. Plaintiff claims that Bailey took away Plaintiff's personal hygiene products and told Plaintiff he could not possess the items because he was mentally ill and could drink the products.

Plaintiff seeks compensatory and punitive damages, as well as a declaration that his constitutional rights were violated.

## II.  APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v.*

2

Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

### 1.    DHHS and Official Capacity Claims

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Arkansas State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. See, e.g., id.; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against

state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary damages against DHHS, a state instrumentality, as well as state employees in their official capacities.   These claims are barred by the Eleventh Amendment.   Therefore, Plaintiff's claims against DHHS and the employees in their official capacities will be dismissed.

### 2.    Individual Capacity Claims

Plaintiff contends that Laurell made derogatory comments about Native Americans in a group treatment session.   Specifically, Plaintiff maintains that Laurell said: "The Natives got all of that money and all they did was drink it up." (Filing No. 1 at CM/ECF p. 2.)

It is well-settled that the use of racially derogatory language will not, by itself, violate the Fourteenth Amendment "unless it is pervasive or severe enough to amount to racial harassment" Blades v. Schuetzle, 302 F.3d 801, 805 (8th Cir. 2002).   *See also* Burton v. Livingston, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (stating that an allegation that a prison guard used racially offensive language in dealing with a prisoner does not, by itself, state a claim under the Equal Protection Clause); McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (finding that inmate's claims of general harassment and of verbal harassment were not actionable under § 1983).   There is no indication in the Complaint that Laurell's conduct was pervasive or severe enough to constitute harassment.[2]   Laurell's single, derogatory statement does not support a claim of

---

[2] Plaintiff also alleges that Laurell revealed confidential information about him to other members of the treatment group, which lead to a confrontation between Plaintiff and another group member.   However, Plaintiff did not explain what information was revealed, or why the information was confidential.   Plaintiff's vague references to an alleged breach of confidentiality wholly fail to state a claim.

constitutional dimension.

Plaintiff also asserts a § 1983 retaliation claim against Laurell, Black, and Dykeman.   To establish a First Amendment retaliation claim under § 1983, a plaintiff must allege (1) that he engaged in a protected activity, (2) that the government official responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.   *Revels v. Vincenz*, 382 F.3d 870 (2004) (citing *Naucke v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2002)).

Plaintiff has not sufficiently alleged a retaliation claim against Black and Dykeman.   Plaintiff contends that Black and Dykeman threatened to send him to the Norfolk Regional Center in response to his complaints about Laurell.   However, Plaintiff's informal complaint to Black and Dykeman does not constitute constitutionally protected conduct.   Although the filing of a prison grievance may be a protected First Amendment activity, Plaintiff admits that he did not initiate the formal grievance procedure.   Rather, Plaintiff simply "expressed his frustrations and distrust in the program because of this type of treatment."   (Filing No. 1 at CM/ECF p. 3.)   This informal, oral communication, without more, does not constitute protected activity under the First Amendment.   *See Mack v. Yost*, 979 F. Supp.2d 639 (W.D. Penn. 2013) (holding that plaintiff's informal oral complaint to prison officials did not constitute a protected activity sufficient to support a retaliation claim).

Plaintiff contends Laurell moved him to a different treatment group without notice in retaliation for his complaints.   However, Plaintiff does not explain why this move was adverse or retaliatory in nature.   In other words, Plaintiff does allege how or why the new treatment group was inferior to the one from which he was removed. Moreover, Plaintiff does not allege the amount of time that passed between his complaints and his removal from the treatment group.   Therefore, Plaintiff has failed to state a retaliation claim against Laurell.

Plaintiff also makes conclusory allegations that Defendants discriminated against him based on his Native American heritage. However, Plaintiff provides no examples of purported discriminatory conduct or indicates how he was treated differently based on his race. Plaintiff's vague references to discrimination do not sufficiently allege a equal-protection violation entitling Plaintiff to relief under § 1983.

### 3. Defamation Claim Against Bailey

Plaintiff claims that Bailey defamed his character by stating: "You are mentally ill and you could drink the moisturizing hair lotion." (Filing No. 1 at CM/ECF p. 4.) Plaintiff's conclusory allegations fail to allege a defamation claim under state law. Moreover, "[d]amages for defamation are not recoverable under § 1983 because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975).

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than September 1, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1.  Plaintiff's claims against DHHS and the individual defendants in their official capacities are dismissed.

2.  Plaintiff shall file an amended complaint asserting cognizable individual capacity claims against the remaining defendants by September 1, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to

6

Plaintiff.

3.     The clerk of the court is directed to set a pro se case management deadline using the following text: September 1, 2016, check for amended complaint.

DATED this 2nd day of August, 2016.

BY THE COURT:


s/ *Richard G. Kopf*
Senior United States District Judge