IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRIAN SCHRAM,<br><br>           Plaintiff,<br><br>  vs.<br><br>LISA LAURELL, Social Worker; SHANNON BLACK, Program Director; CINDY DYKEMAN, AND Program Manager; and MARILYN BAILEY, Administration Assistance;<br><br>           Defendants. | 4:16CV3071<br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on its own motion. On August 2, 2016, the court ordered Plaintiff to file an amended complaint "asserting cognizable individual capacity claims" against Defendants. (Filing No. 8 at CM/ECF p. 6.) Plaintiff filed his Amended Complaint on September 26, 2016. (Filing No. 13.) He filed a "Supplemental Complaint" on November 7, 2016. (Filing No. 15.) The court considers Plaintiff's Amended Complaint and "Supplemental Complaint" as supplemental to his original Complaint. NECivR 15.1(b) (stating that in pro se cases, the court may consider an amended pleading as supplemental to the original pleading, rather than as superseding).

    Upon careful review of Plaintiff's Complaint, Amended Complaint, and "Supplemental Complaint," the court finds Plaintiff's retaliation claim against Shannon Black ("Black"), Cindy Dykeman ("Dykeman"), and Lisa Laurell ("Laurell") in their individual capacities may proceed to service of process. Plaintiff contends that Black, Dykeman, and Laurell threatened to send him to the Norfolk Regional Center in response to his statements of intent to file a grievance about Laurell's derogatory comments about Native Americans. (Filing No. 13 at CM/ECF pp. 5-7.) The court cautions Plaintiff that this is only a preliminary

determination based on his allegations, and is not a determination of the merits of his claims or potential defenses thereto.

All other claims against Defendants will be dismissed because Plaintiff's allegations remain insufficient to state a claim. Specifically, Plaintiff's additional allegation in his Amended Complaint that Laurell stated during a phone call with another individual, "I will bring this to the pow-wow," (Filing No. 13 at CM/ECF p. 3), still does not render Laurell's conduct pervasive or severe enough to amount to racial harassment. See *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002). Plaintiff contends that Laurell moved him to a different treatment group without notice in retaliation for his complaints. Plaintiff does not explain how or why the new treatment group was inferior to the one from which he was removed. In addition, the court notes that Plaintiff initially sought to be moved to a different treatment group because of his distrust of Laurell. (Filing No. 13 at CM/ECF p. 3.)

Plaintiff's remaining allegations in his Amended Complaint and "Supplemental Complaint," when liberally construed, do not support a claim that state officials denied him a reasonably safe environment. Plaintiff states that he told Laurell in confidence that a member of his treatment group "sexually acted out" with a roommate and "always breaks boundaries with other patients." (Filing No. 13 at CM/ECF p. 5.) He contends that Laurell revealed this confidential information to members of his treatment group, which led to a confrontation between Plaintiff and another group member. (*Id*. at CM/ECF pp. 2-3.) In addition, he states that Marilyn Bailey provided him with hair products that damaged his hair, which required him to cut his hair in violation of Native American tradition. (*Id*. at CM/ECF p. 10.) Finally, Plaintiff alleges that he filed a grievance and complained about his fellow patients use of racially discriminatory language. (Filing No. 15 at CM/ECF pp. 2-5.) While these alleged incidents are unfortunate, they do not state a claim of constitutional dimension. There are no facts alleged to suggest that Defendants were deliberately indifferent to a known excessive risk to Plaintiff's safety. See *Elizabeth M. v. Montenez*, 458 F.3d 779, 786 (8th Cir. 2006)

2

(quoting *Beck v. Wilson*, 377 F.3d 884, 890 (8th Cir. 2004)) (elements to recover under § 1983 for a breach of the constitutional duty to provide a "reasonably safe environment").

Moreover, Plaintiff's allegations that any staff failed to respond to his grievances and complaints do not state a violation of Plaintiff's constitutional rights. *See Merryfield v. Jordan*, 431 Fed. App'x 743, 749 (10th Cir. 2011) (holding civilly-committed sex offender lacked any federal constitutional right to an adequate grievance procedure); *see also Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding that allegations regarding actions of prison officials in handling prisoner's grievances, and regulating his access to his attorney, were insufficient to state a constitutional claim); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (holding that inmates have no "liberty interest" in the processing of their grievances, such as would support § 1983 claim for prison official's failure to pick up his completed grievance forms).

Plaintiff has filed a Motion (Filing No. 14) seeking the appointment of counsel. The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's retaliation claim against Black, Dykeman, and Laurell in their individual capacities for their threats to send him to the Norfolk Regional

Center may proceed to service of process. All other claims against all other Defendants are dismissed for failure to state a claim.

2. The clerk of the court is directed to send to Plaintiff a copy of the Complaint, the Amended Complaint, the "Supplemental Complaint," this Memorandum and Order, and three summons forms, and three USM 285 Forms for service on defendants Lisa Laurell, Shannon Black, and Cindy Dykeman in their individual capacities. (See attached Notice Regarding Service.)

3. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

4. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms to be submitted to the clerk of the court with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the United States Marshal for service on the defendants, together with a copy of the Complaint.

5. The clerk of the court is directed to set the following pro se case management deadline: April 19, 2017: check for completion of service of process.

6.  Plaintiff's Motion (Filing No. 14) seeking the appointment of counsel is denied without prejudice.

Dated this 19th day of January, 2017.

                    BY THE COURT:

                    s/ *Richard G. Kopf*
                    Senior United States District Judge

5

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual.

You may ask the United States Marshals Service to serve process, as described in the court's order, because you are proceeding *in forma pauperis*.