IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRIAN SCHRAM, | ) | |
| | ) | |
| Plaintiff, | ) | 4:16CV3071 |
| | ) | |
| v. | ) | |
| | ) | |
| LISA LAURELL, Social Worker, | ) | **MEMORANDUM** |
| SHANNON BLACK, Program | ) | **AND ORDER** |
| Director, and CINDY DYKEMAN, | ) | |
| Program Manager, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a civilly committed non-prisoner, was found financially eligible to proceed in forma pauperis in this case (Filing No. 5), and the court subsequently analyzed Plaintiff's complaints under 28 U.S.C. § 1915(e)(2).[1] However, the Judgment dismissing this case erroneously contained language applicable only to prisoners under the Prison Litigation Reform Act. Therefore, and pursuant to Fed. R. Civ. P. 60(a) (court may correct mistake in judgment on its own without notice), an Amended Judgment shall be entered, after which Plaintiff will have 30 days to file a notice of appeal. Accordingly,

IT IS ORDERED that an Amended Judgment shall be entered, after which Plaintiff has 30 days to file a notice of appeal.

---

[1]The Eighth Circuit Court of Appeals has held that civilly committed individuals are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001); *see also Perkins v. Hedricks*, 340 F.3d 582, 583 (8th Cir. 2003) (per curiam) ("Perkins appears to be civilly committed and is thus not a prisoner within the meaning of the PLRA."); *Pendleton v. Sanders*, 565 F. App'x 584 (8th Cir. 2014) (a civilly committed plaintiff is not a "prisoner" under the PLRA) (unpublished).

DATED this 10th day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge